IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al., | ) | 4:07CV3170 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CARGILL INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant "moves to dismiss the claims of 22 Plaintiffs who do not allege that they (or the minors they represent) have sustained personal injuries, but who seek only to recover damages for future medical monitoring." (Filing 18, p. 1.) No supporting brief has been filed, as the defendant contends that the motion "does not present a 'substantial issue of law.' *See* NECivR 7.1(a)(1)(B)." (Filing 18, n.1) Although this contention is incorrect, the court will not treat the defendant's failure to file a brief as an abandonment of the motion as it relates to the plaintiffs' claims for negligence ("first claim for relief"), negligent failure to warn ("second claim for relief"), and negligent infliction of emotional distress ("third claim for relief").[1] However, as will be discussed below, the defendant's failure to file a brief will be treated as an abandonment of the motion as it relates to the plaintiffs' claims for private nuisance ("fourth claim for relief").[2]

_____

[1] "A party need not file a brief if the motion raises no substantial issue of law and relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. Should the court conclude that the motion raises a substantial issue of law, however, it may treat a party's failure to file a brief as an abandonment of the motion." NECivR 7.1(a)(1)(B).

[2] The amended complaint also contains a "fifth claim for relief," for wrongful death. Obviously, the pending motion is not directed at any plaintiff who asserts a wrongful death claim.

The defendant's motion recites that:

1.    On June 26, 2007, Plaintiffs filed an Amended Complaint against Cargill alleging that groundwater contamination emanating from a facility formerly operated by Cargill caused various injuries.  (Filing No. 11.)  That same facility, along with a separate facility operated by other defendants, is also the subject of a similar lawsuit brought by another group of plaintiffs.  *See Avila et al. v. CNH America LLC, et al.*, Case No. 4:04-cv-3384-RGK-DLP."

2. Of the Plaintiffs in this case, 22 (on behalf of 28 individuals) seek damages for future medical monitoring in the absence of any present physical injury. These Plaintiffs are:
1. Cindy Avila
2. Gina Baldwin (as next friend of A.B.)
3. Lisa Brown-Olson (as next friend of E.M.B-O. and T.C.O, minors)
4. Christine Durand (individually and as next friend of B.A.D., minor)
5. Jennifer Florez
6. Stephanie L. Florez
7. Connie Parten (as next friend of N.P. and W.P., minors)
8. Adam Pfeifer
9. Penny Post (as next friend of M.L.P., minor)
10. Jamie Rath
11. Barbara Ring
12. John Ring
13. Maren Ring
14. Megan Ring
15. Wendell Ring
16. Judy Roby
17. Greg Schultz
18. Terry Starke (as next friend of H.C.S., minor)
19. James Wetzel
20. Ryan Witt
21. Whitney Witt
22. Anita Wootton (individually and as next friend of A.J.W., K.A.W., and S.A.W., minors)

2

3. In *Avila*, after full briefing, this Court previously held that "Nebraska law does not recognize a claim for medical monitoring when no present physical injury is alleged." Sept. 10, 2007 Memorandum and Order at 2 (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000)). (Filing No. 249.) This Court thus dismissed the personal injury claims of such plaintiffs with prejudice and declined a request by those plaintiffs to certify a question to the Nebraska Supreme Court.

4. The same result is warranted here. The 22 Plaintiffs (on behalf of 28 individuals) listed herein assert identical claims for medical monitoring in the absence of any physical injury. As this Court has already held, Nebraska law does not recognize these claims.

5. Cargill conferred with Plaintiffs' counsel concerning the filing of this motion. Plaintiffs' counsel has agreed to a dismissal that would place these 22 Plaintiffs in the same position as those who had their claims dismissed in *Avila*. Specifically, Plaintiffs' counsel indicated that Plaintiffs here reserve any right to (1) raise the issue on any appeal, and (2) move to reinstate the claims in the event of an intervening decision of the Nebraska Supreme Court or the Court of Appeals recognizing such claims or damages.

(Filing 18, pp. 1-3.)

The plaintiffs have filed a brief in opposition to the motion to dismiss, in which they correctly note that the court's memorandum and order in *Avila*, granting a motion for partial judgment on pleadings, "is limited to the plaintiffs' claims sounding in negligence; the Court reserved the questions of whether the *Avila* plaintiffs' nuisance or trespass claims can support an award of the reasonable costs of future medical monitoring under Nebraska law." (Filing 19, p. 1.) "The Court's order also made clear that only the subject plaintiffs' personal injury claims alleging negligence, negligent failure to warn, and negligent infliction of emotional distress were being dismissed against the moving defendants." (Filing 19, p. 2.) Thus, the plaintiffs argue, "[b]ecause Cargill has limited its motion to only the claims sounding in negligence (simple negligence, negligent failure to warn, and negligent infliction of

3

emotional distress), and has not briefed the question of law left open by the Court's medical monitoring decision in *Avila* regarding nuisance claims, Cargill should not be permitted to broaden the scope of its motion, and any order entered by the Court granting Cargill's motion should be limited to the claims for the future costs of medical monitoring grounded in negligence, negligent failure to warn, and negligent infliction of emotional distress."  (Filing 19, at 2.)  It will be so ordered.

As discussed in the court's *Avila* memorandum, damages are an essential element of any negligence cause of action brought under Nebraska law, which applies in this case.  *See Brown ex rel. Watts v. Social Settlement Ass'n*, 610 N.W.2d 9, 11 (Neb. 2000) ("For actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, a failure to discharge that duty, and damage proximately resulting from such undischarged duty."); *Popple by Popple v. Rose*, 573 N.W.2d 765, 769 (Neb. 1998) ("An action predicated on a duty to warn is essentially a negligence action, requiring a duty, breach, proximate cause, and damages."); *Catron v. Lewis*, 712 N.W.2d 245, 248-49 (Neb. 2006) ("In Nebraska, where there is no impact or physical injury to the plaintiff, the plaintiff . . . must show that [his or her] emotional distress is medically diagnosable and significant and is so severe that no reasonable person could have expected to endure it.").  Nebraska law does not recognize a claim for medical monitoring when no present physical injury is alleged.  *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) (predicting Nebraska Supreme Court would hold that residents of area near former lead smelter and refinery could not establish claim for future medical monitoring costs against owner and former operator of site, absent showing of any present physical injury), overruled on other grounds by *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005).

Thus, all personal injury negligence claims of the plaintiffs in this case who seek damages only for their future medical monitoring costs will be dismissed with

prejudice.[3]  A final judgment will <u>not</u> be entered pursuant to Federal Rule of Civil Procedure 54(b) because these plaintiffs have also alleged private nuisance claims that are not subject to the pending motion.

Accordingly,

IT IS ORDERED that:

1.    The defendants' motion to dismiss (filing 18) is granted in part and denied in part, as follows:

     a.    All personal injury claims alleging negligence, negligent failure to warn, and negligent infliction of emotional distress (claims one, two, and three of the amended complaint) brought by the following twenty-two plaintiffs, who claim only a need for future medical monitoring, are dismissed with prejudice:

       1.    Cindy Avila;
       2.    Gina Baldwin (as next friend of A.B.);
       3.    Lisa Brown-Olson (as next friend of E.M.B-O. and T.C.O, minors);
       4.    Christine Durand (individually and as next friend of B.A.D., minor);
       5.    Jennifer Florez;
       6.    Stephanie L. Florez;
       7.    Connie Parten (as next friend of N.P. and W.P., minors);
       8.    Adam Pfeifer;
       9.    Penny Post (as next friend of M.L.P., minor);
      10.    Jamie Rath;

---

[3] Any property damage negligence claims alleged by these plaintiffs are not subject to the defendant's motion and will not be dismissed.

11. Barbara Ring;

12. John Ring;

13. Maren Ring;

14. Megan Ring;

15. Wendell Ring;

16. Judy Roby;

17. Greg Schultz;

18. Terry Starke (as next friend of H.C.S., minor);

19. James Wetzel;

20. Ryan Witt;

21. Whitney Witt; and

22. Anita Wootton (individually and as next friend of A.J.W., K.A.W., and S.A.W., minors).

    b.    In all other respects, the defendant's motion to dismiss is denied.

2.    This order does <u>not</u> constitute a final judgment under Federal Rule of Civil Procedure 54(b).

December 21, 2007.           BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge