FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2008 FEB -7  PM 12: 33

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Joan Schwan, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:07CV3170 |
| | ) | |
| Cargill, Incorporated, | ) | |
| Defendant | ) | |

## LONE PINE CASE MANAGEMENT ORDER

On or before June 2, 2008, each Plaintiff must serve on Defendant a signed statement showing:

    a.  Each address at which he or she resided between 1965 and the present.

    b.  For any claim brought by such Plaintiff on behalf of a minor, each address at which the minor resided between 1965 and the present.

    c.  For any wrongful death claim brought by such Plaintiff, the date and cause of the decedent's death and all known or reasonably ascertainable address at which the decedent resided between 1965 and the date of death.

2.  On or before June 2, 2008, each Plaintiff who is claiming personal injury, whether to himself or herself, or to minor or decedent, must serve on Defendant a sworn affidavit from a licensed physician or other qualified expert, or both, as may be necessary to make the requisite showing, that contains the following information:

    a.  Each specific illness or injury that the subject Plaintiff, minor, or decedent suffered as a result of alleged exposure to hazardous substances (as that term is

13410522.1

defined in the Amended Complaint) allegedly emanating from Defendants' operations at the property located at 3304 Engleman Road (the "Engleman Road Property");

b.  The date(s) on which the physician examined the subject Plaintiff, minor, or decedent;

c.  The date on which each such illness or injury was first suffered by the subject Plaintiff, minor, or decedent;

d.  The identity and concentration of the hazardous substance(s) that, to a reasonable degree of medical and scientific certainty, caused each such injury or illness;

e.  The date(s) and means (e.g., ingestion, inhalation, or skin absorption) of the subject Plaintiff's, minor's, or decedent's exposure to each such hazardous substance;

f.  The basis for concluding, to a reasonable degree of medical and scientific certainty, that the alleged injury-causing hazardous substance(s) emanated from the Engleman Road Property, including a precise description of the environmental pathway (e.g., soil, water, air) of each such alleged injury-causing hazardous substance from the Engleman Road Property to the subject Plaintiff, minor, or decedent;

g.  Any cause for the injury, illness, or hazardous substance exposure(s) unrelated to hazardous substance(s) from the Engleman Road Property that the physician or other qualified expert identified; and

h.  The scientific and medical bases, and the basic evidence supporting such bases, for the opinions and conclusions stated.

13410522.1

3.  On or before June 2, 2008, each Plaintiff who is claiming property damage, whether on his or her own behalf or on behalf of a decedent's estate, must serve on Defendant a sworn affidavit from a licensed real estate appraiser or other qualified expert, or both, as may be necessary to make the requisite showing, that contains the following information:

    a.  The street address of the property allegedly affected;

    b.  The identify and amount of the hazardous substance(s) that, in the opinion of the expert and to a reasonable degree of scientific certainty, allegedly affected the property, including a precise description of the environmental pathway (e.g., soil, water, air) of each such hazardous substance from the Engleman Road Property to the allegedly affected property;

    c.  The time period over which hazardous substance(s) allegedly affected the property;

    d.  Whether, to a reasonable degree of scientific certainty, the hazardous substance(s) emanated from the Engleman Road Property;

    e.  Any other cause or source of property damage, unrelated to any hazardous substance(s) emanating from the Engleman Road Property, that the expert identified;

    f.  The value of the property before the claimed date of contamination;

    g.  The value of the property after the claimed date of contamination; and

    h.  The methodology or bases underlying the opinions and conclusions.

SO ORDERED,

Dated February 6, 2008

BY THE COURT

David L. Piester
United States Magistrate Judge

13410522.1