FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2008 OCT -7  PM 3: 06

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, et al., | ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 4:07cv3170 |
| v. | ) ) ) | |
| CARGILL, INC., | ) ) ) | |
| Defendant. | ) | |
| CINDY AVILA, et al., | ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 4:04cv3384 |
| v. | ) ) ) | |
| CNH AMERICA LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**STIPULATION AND ORDER RELATING TO
ENVIRONMENTAL INVESTIGATION ACTIVITIES**

This Stipulation Related to Environmental Investigation ("Stipulation") is made among CNH America, LLC, CNH Global, N.V., Fiatallis North America LLC, f/k/a Fiatallis North America, Inc., and Case New Holland, Inc. (collectively, "CNH"), Fiat S.p.A. ("Fiat"), Unisys Corporation ("Unisys"), Cargill Incorporated ("Cargill"), and the Plaintiffs in Avila, et al. v. CNH America LLC, et al., No. 4:04-CV-3384 (D. Neb.) ("Avila Litigation") and Schwan, et al. v. Cargill Incorporated, No. 4:07CV3170 (D. Neb.) ("Schwan Litigation") (collectively, the

"Parties"; individually, the "Party")[1] on behalf of themselves and their employees, contractors, consultants, experts, and authorized agents (collectively "Agents") in connection with the Avila Litigation and the Schwan Litigation.

WHEREAS, the Parties have agreed to establish the following protocols by which they or their Agents shall coordinate with respect to the physical collection, sampling, testing and/or monitoring, of soil, sediment, surface water, ground water, indoor air or outdoor air taken within the Parkview Well Site, as defined by the United States Environmental Protection Agency ("USEPA") in its September 2006 Interim Record of Decision for the Parkview Well Superfund Site, or otherwise taken in or around Grand Island, Nebraska and that may reasonably be expected to relate to the Avila Litigation or the Schwan Litigation or to investigations by the USEPA or Nebraska DEQ related to groundwater in the Grand Island area ("Environmental Investigation Activities").

NOW THEREFORE, the Parties stipulate that:

1. <u>Access to Property Owned By Any Non-Party</u>:   Any Party wishing to conduct Environmental Investigation Activities shall be responsible for obtaining written consent from the non-party property owner for the Party and/or its Agents to access and enter the property to conduct such activities.  If a Party requests consent from a non-party property owner in writing, it shall contemporaneously provide a copy of its correspondence to the other Parties; if a Party requests consent from a non-party property owner orally, it shall promptly provide written notice of the request, including the name and address of the property owner and the nature of any Environmental Investigation Activities discussed with the property owner, to the other Parties.

---

[1]   CNH, Fiat, Uniysis and the plaintiffs in the Avila Litigation are not parties to the Schwan Litigation.  This Stipulation applies to each Party only to the extent it is a plaintiff or defendant in the Avila Litigation or the Schwan Litigation.

The Party requesting access shall also advise the property owner that other Parties or their Agents may wish to enter the property to observe or participate in the Party's Environmental Investigation Activities and shall use reasonable efforts to secure voluntary access for all other Parties and their Agents to accompany the requesting Party or its Agent onto the propety for the purpose of observing, monitoring and obtaining split samples. Such efforts shall not include filing a motion or paying monies. If a requesting Party secures voluntary access to a property for itself but is unable to obtain such access for the other Parties despite making reasonable efforts to do so, it shall promptly notify the other Parties in writing. Nothing in this Stipulation obligates a Party to successfully secure consent from a non-party property owner for other Parties to conduct Environmental Investigation Activities. Nor shall anything in this Stipulation constitute an access agreement or consent to conduct Environmental Investigation Activities on property owned by a Party or non-party.

2. <u>Notice of Environmental Investigation Activities</u>: Parties shall use their best efforts to provide other Parties with at least ten (10) business days prior written notice before conducting Environmental Investigation Activities. The notice shall include the date and place of the planned Environmental Investigation Activities, a description of the proposed Environmental Investigation Activities, and copies of any access agreements obtained by the Party necessary to conduct its activities. The Parties agree that a Party may challenge the admissibility of any evidence obtained by Environmental Investigation Activities that do not occur in accordance with this Agreement, to the extent that such Party has suffered actual prejudice.

3. <u>Observation and Participation by Other Parties</u>: If a property owner consents, a Party that did not initiate Environmental Investigation Activities at a property ("Non-Initiating Party") shall have a right to access the property at the same time as the Party that initiated the activities

("Initiating Party"). A Non-Initiating Party may observe and monitor the Initiating Party's Environmental Investigation Activities, take split samples as indicated below, and upon notice in accordance with the terms of this Stipulation, conduct its own sampling activities, subject to any limitations imposed by the property owner. The Initiating Party shall split samples with any other Party that requests split samples, provided doing so is reasonably practicable. In the event there is insufficient material to provide more than one duplicate sample, the Non-Initiating Parties shall determine how to share such a sample. If a Non-Initiating Party wishes to conduct its own Environmental Investigation Activities at a particular property, it shall comply with the terms of this Agreement to do so.

4. <u>Data Sharing</u>: Each Party stipulates that it will provide to all other Parties within 30 days of receipt all laboratory reports, field measurements, chain-of-custody documentation, quality-assurance documentation, and quality-control documentation, or other similar documents, created by its Agents, or by laboratories utilized by its Agents ("Environmental Investigation Data"), for any and all Environmental Investigation Activities undertaken pursuant to this Agreement, including analyses of split or shared samples. Each Party further stipulates that to the best of its knowledge, after diligent inquiry, it has disclosed, or will disclose within 60 days of the date of entry of this Stipulation all Environmental Investigation Data, regardless of whether such data was collected prior to the execution of this agreement.

5. <u>Restoration</u>: Upon completion of Environmental Investigation Activities, each Party that conducted Environmental Investigation Activities at a property will, subject to any other agreement with that property owner, ensure that the property is returned to a condition reasonably consistent with its original condition, unless the owner requests otherwise, and each Party shall be responsible for ensuring that its activities comply with applicable laws.

6. <u>Relation to Property Owned or Leased by a Party</u>: For the avoidance of doubt, the requirements of this Stipulation apply to any Environmental Investigation Activities that a Party plans to conduct with respect to its own property and/or property that is in its possession and control. The Parties stipulate that notwithstanding any provision of this Stipulation to the contrary, a Party seeking to initiate Environmental Investigation Activities, and any Non-Initiating Party seeking to observe and monitor such activities on (i) the property located at 3345 West Stolley Park Road ("CNH Property") or (ii) property owned by a Plaintiff in the Avila Litigation or in the Schwan Litigation shall seek access from CNH or the Plaintiff, in writing, and that CNH and the Plaintiffs decline to grant access for Environmental Investigation Activities, or observation and monitoring of such activities, unless written approval for them to proceed is granted.

7. <u>Relation to Other Rules</u>: For purposes of undertaking, observing, and monitoring Environmental Investigation Activities, the Parties agree to follow the procedures set forth in this Stipulation in lieu of the procedures set out in Rule 34 and Rule 45 of the Federal Rules of Civil Procedure pertaining to entry upon land for inspection and other purposes. Nothing in this Agreement, however, shall be construed as a waiver of any objection a Party may have to granting access or to the subsequent use of material obtained during or related to Environmental Investigation Activities.

8. <u>Denial of Access to Party Property; Other Disputes</u>: If a Party property owner refuses a written request for access, or a dispute between the Parties arises concerning this Stipulation, the affected Parties shall confer in a good faith effort to resolve the dispute without Court intervention. If the dispute is not resolved within twenty (20) days of the first writing declaring

a dispute and invoking the 20-day resolution period, any Party may invoke the Court rules and procedures for raising discovery disputes.

9. Denial of Access to Non-Party Property: If a non-Party property owner refuses a request for access to conduct Environmental Investigation Activities on his/her or its property, a Party may serve a subpoena in accordance with Rule 45 of the Federal Rules of Civil Procedure. In the event that access is ultimately permitted for a Party in accordance with a subpoena, the protocol and procedures set forth in paragraphs 2 through 7 of this Stipulation shall apply. In the event that property access granted to an Initiating Party is unduly delayed or ultimately denied to a Non-Initiating Party, the Initiating Party shall comply with all aspects of paragraph 4 of this Agreement.

10. Non-Admission: This Stipulation is not intended, nor should it be construed, as an admission of liability on the part of any Party or the Parties concerning any matter, condition, fact, or the presence of chemical constituents or other environmental concerns discovered at the site where Environmental Investigation Activities are undertaken, or elsewhere. Likewise, each Party reserves its right to challenge for any reason all data, methodologies, and practices, and conclusions related to Environmental Investigation Activities under the applicable Rules of Evidence and Civil Procedure.

11. Confidentiality: Subject to any agreement by the Parties, order by the Court in the Avila Litigation or Schwan Litigation, or as otherwise required by law, the Parties may use all information derived from Environmental Investigation Activities only in the Avila Litigation, the Schwan Litigation or in connection with actions or proceedings by the USEPA, the Nebraska DEQ, or other federal, state or local governmental body or agency concerning the Parkview Well Site or areas within that Site. Although the Parties may legend documents containing such

information as "Confidential, But Not Subject to Protective Order," The confidentiality of all such documents and the information contained therein is governed solely by this provision, and is not subject to the Stipulation and Protective Order previously entered in the Avila Litigation (filing no. 268), or in the Schwan Action (filing no. 31).

12.  Expiration: This Stipulation shall expire upon the conclusion of the Avila Litigation and the Schwan Litigation and can only be terminated earlier upon the written agreement of all the Parties.

13.  Notice: Any notice pursuant to this Stipulation shall be sent to the Parties' Counsel, as follows:

Daniel Nelson, Esq.
Christopher Buckley, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
dnelson@gibsondunn.com

*Counsel for Unisys*

Mark Ter Molen, Esq.
Mayer Brown LLP
71 S. Wacker Drive
Chicago IL 60606
mtermolen@mayerbrown.com

*Counsel for Cargill*

Neal H. Weinfield, Esq.
Thomas E. Dutton, Esq.
Matthew F. Prewitt, Esq.
Greenberg Traurig LLP
77 West Wacker Drive
Chicago, IL 60601
weinfieldn@gtlaw.com

*Counsel for CNH*

Lemuel M. Srolovic, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, N.Y. 10038
lscrlovic@weitzlux.com

*Counsel for Avila Plaintiffs and Schwan Plaintiffs*

14. <u>Authorization</u>:   The parties indicated in Paragraph 13 above acknowledge the below named signatory to be fully authorized to enter into and execute this Stipulation on behalf of said parties, including all of its constituent entities.

**s/ Donald G. Blankenau**
Nebraska Bar No. 18528
HUSCH BLACKWELL SANDERS LLP
206 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
Telephone: 402-458-1500
Facsimile: 402-458-1510
E-mail: don.blankenau@huschblackwell.com

*Counsel for CNH America, LLC*

SO ORDERED:

United States Magistrate Judge
10-7-08

8