IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN SCHWAN, individually and as next friend of J.P.S, a minor, et al., | ) ) ) | 4:07CV3170 |
| Plaintiffs, | ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| CARGILL, INCORPORATED, | ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' "motion for reconsideration and for relief pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1)-(2) with request for oral argument" (filing 88). The motion is filed with respect to the court's memorandum and order entered on January 2, 2009 (filing 86), which granted summary judgment in favor of the defendant, Cargill, Incorporated, and also with respect to the court's judgment entered that same date (filing 87), which dismissed the plaintiffs' action with prejudice.

The plaintiffs argue that additional evidence was discovered during Cargill's corporate deposition on December 9-10, 2008, which makes the granting of summary judgment inappropriate. Alternatively, the plaintiffs argue that they at least should be permitted to complete the corporate deposition, and to depose a former Cargill employee. The plaintiffs also argue that there is a genuine issue as to whether Cargill should have known of the contamination at the Engleman Road facility because, as a manufacturer of chemical pesticides, it should be charged with constructive knowledge of a 1983 study report cited by the plaintiffs' expert that concerns groundwater contamination caused by the dumping of chlorinated solvents. Finally, the plaintiffs request oral argument. For the reasons discussed below, the plaintiffs' motion will be denied in all respects.

### *Motion for Reconsideration*

Our local rules permit the filing of motions for reconsideration, but they are disfavored. "The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c). Furthermore, when a final judgment has been entered, a motion for reconsideration is "the functional equivalent of a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). In such case, a motion for reconsideration may also be construed as a Rule 60(b) motion for relief from judgment. *See Auto Services Co., Inc. v. KPMG, LLP,* 537 F.3d 853, 855 (8th Cir. 2008); *Sanders v. Clemco Indus.,* 862 F.2d 161, 168 (8th Cir. 1988). Because a final judgment has been entered in this case, the plaintiffs' motion will be analyzed only under Rules 59(e) and 60(b).[1] *See Auto Services,* 537 F.3d at 857 (stating that while NECivR 60.1(c) "may apply to motions for reconsideration of a court's interlocutory rulings, '[w]e doubt that the local rule was intended to apply to post-judgment motions filed within the time limit prescribed in' Rule 59(e).") (quoting *DuBose,* 187 F.3d at 1002 n. 1.).

### *Rule 60(b)(1)*

"Rule 60(b)(1) permits, *inter alia*, a district court to grant relief from a judgment entered because of a party's excusable neglect." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* 496 F.3d 863, 866 (8th Cir. 2007). "The determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Feeney v. AT & E, Inc.,* 472 F.3d 560, 562-63 (8th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). "In assessing

---

[1] Even if the plaintiffs' motion were to be analyzed under NECivR 60.1(c), the result would be the same.

2

whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *In re Guidant Corp.*, 496 F.3d at 866-67 (citing *Pioneer*, 507 U.S. at 395). "These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis." *Id.*, at 867.

As discussed in the court's previous memorandum and order, the plaintiffs served Cargill with their first request for production of documents on September 9, 2008 (filing 72), followed by a corporate deposition notice and another request for production of documents on September 11, 2008 (filing 73), over 6 weeks after Cargill had filed its motion for summary judgment (filing 59).[2]  Cargill sought a protective order based on the pendency of the summary judgment motion, but the court denied the request on October 17, 2008, stating that "[w]hile it is true that plaintiffs may have been dilatory in not propounding discovery requests before now, that fact does not constitute good cause for a protective order." (Filing 83).  The October 17th order specified that "[t]he plaintiffs' Rule 30(b)(6) deposition may be re-noticed to commence at a time not less than thirty days from this date." (*Id.*)[3]

---

[2] The plaintiffs responded on the merits to the motion for summary judgment on August 29, 2008, but their brief also included a request that the motion be denied as premature, or else continued pending additional discovery.  Pursuant to Federal Rule of Civil Procedure 56(f), plaintiffs' counsel filed an affidavit in support of this request.  The affidavit was examined at length in the court's previous memorandum and order, and was determined not to justify the granting of relief under Rule 56(f).

[3] The court previously stated that the October 17th order "directed the plaintiffs to file a new notice for taking the deposition after a period of 30 days." (Filing 86, p. 19.)  The court should have said "serve" rather than "file".  *See* Fed.R.Civ.P. 5(d)(1) & advisory committee's note to 2000 amendment (prohibition against filing of discovery requests, including deposition notices).  However, this misstatement did not affect the court's determination of the plaintiffs' Rule 56(f) request that Cargill's motion for summary judgment be denied or continued.

Cargill was also ordered to respond or object to the plaintiffs' requests for production of documents within 30 days.  (*Id.*)

Plaintiffs' counsel indicates that he had a telephone conference with Cargill's counsel on October 24, 2008, to discuss the Rule 30(b)(6) deposition, and that the earliest tentative dates offered by Cargill were for the week of December 8; that on November 24, 2008, Cargill's counsel indicated that the corporate representatives would be available in Minneapolis on December 9 and 10 to be deposed on issues that had been negotiated by counsel; and that plaintiffs' counsel confirmed these dates and the location of the deposition in an email sent on December 1, 2008. (Filing 89-2, pp. 8-9, ¶¶ 12-16.)  Plaintiffs' counsel states, "I did not understand that I should formally have served a new deposition notice with the new date, and file a certificate of service on the electronic dockets in these actions." (*Id.*, pp. 9-10, ¶ 16.)[4]

Transcripts of the December 9 and 10 deposition testimony were not received by plaintiffs' counsel until December 29, 2008, and January 6, 2009, respectively. (*Id.*, p. 11, ¶ 19.)  Plaintiffs' counsel admits that "[i]n hindsight, the better practice would have been to order the transcripts on an expedited basis, to immediately have informed the Court of the fact of the Cargill deposition, and to have requested leave to supplement the summary judgment record after I had obtained the transcripts." (*Id.*, p. 11, ¶ 20.)  The plaintiffs suggest in their brief, without any elaboration, that "[i]f that better practice was essential, then relief under Rule 60(b)(1) for excusable neglect would be applicable." (Filing 90, p. 4.)

---

[4] Plaintiffs' counsel was correct in his understanding that the court's order of October 17, 2008, did not require formal service of a new deposition notice.  The order only provided that the deposition could be re-noticed for a date on or after November 17, 2008.  However, if a new notice had been served, followed by the filing of a certificate of service, the court at least would have been alerted to the fact that the deposition was scheduled for December 9-10, 2008.

4

Analyzing the "excusable neglect" issue by applying the four *Pioneer* factors,[5] the court first finds no evidence that Cargill would be prejudiced if the judgment were to be set aside in order to permit consideration of the deposition transcripts and any additional documents produced by Cargill in response to the plaintiffs' September 2008 discovery requests  *See In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence.").

Second, the length of the delay in obtaining this additional evidence and in bringing it to the court's attention was approximately 4½ months, if measured from the date that the plaintiffs responded to Cargill's motion for summary judgment, August 28, 2008,[6] until the date that they filed the motion for reconsideration, January 16, 2009.[7]   However, the potential impact of this delay on judicial proceedings is not significant.  Although the case had been pending for some time when the motion for summary judgment was granted on January 2, 2009,[8] the court had not yet established deadlines for filing summary judgment motions, and the agreed-upon first phase of discovery was not scheduled to be completed until March 31, 2009.

---

[5] The Court of Appeals "strongly encourage[s] district courts . . . to explicitly balance the *Pioneer* factors[.]"  *In re Guidant Corp.*, 496 F.3d at 867 n. 3.

[6] The plaintiffs did not request an enlargement of time to respond to the motion for summary judgment. The court routinely grants 30-day extensions of time for responding to motions for summary judgment, provided that trial is not imminent and no opposing party will be prejudiced.  In some cases, more than one extension may be granted upon a proper showing.

[7] At a minimum, the delay was 3 weeks, measured from the completion of the deposition on December 10, 2008, until the court's entry of summary judgment on January 2, 2009.

[8] This action was filed on June 26, 2007.

5

Third, there is no evidence of bad faith on the part of the plaintiffs or their counsel.

Fourth, after Cargill filed its motion for summary judgment, the plaintiffs delayed 6 weeks before serving notice of the Rule 30(b)(6) deposition and requests for production of documents.[9]  The taking of the deposition was then further delayed because (1) Cargill filed a motion for protective order, (2) the court, while denying the motion for protective order, did not allow the deposition to be taken prior to November 17, 2008, and (3) Cargill did not make its representatives available for the deposition until December 9 and 10, 2008.  Document production likewise was delayed by Cargill's filing of the motion for protective order.  It appears that Cargill responded to the request for production of documents on November 17, 2008, as directed by the court, but that the documents were not actually produced until December 4, 5, and 9, 2008.  (Filing 84; filing 89-2, p. 10, ¶ 17.)

However, as acknowledged by plaintiffs' counsel, the conduct that would need to be excused is the plaintiffs' failure to request leave of court to supplement the record with relevant portions of the transcripts of the deposition,[10] or with additional Cargill documents.  As noted in the court's previous memorandum and order, as of January 2, 2009, a full three weeks after the taking of the deposition, "the plaintiffs [had] not asked leave to supplement their showing [because of Cargill's response to the request for production of documents]," and "the record [did] not reflect that the Rule 30(b)(6) deposition [had] ever been re-noticed by the plaintiffs."  (Filing 86, p. 19.) This key factor weighs heavily against the plaintiffs.

---

[9] Of course, the plaintiffs could have noticed the corporate deposition and served the discovery request long before the summary judgment motion was filed. Discovery in the case was authorized to commence after a progression order was entered on February 7, 2008.  (Filing 30.)

[10] It was not necessary for the plaintiffs to await preparation of the transcripts before requesting leave to supplement the record.

The plaintiffs either assumed that the court's denial of Cargill's motion for a protective order on October 17, 2008, meant that no action would be taken on the motion for summary judgment pending completion of discovery,[11] or else they simply took a chance that the court would not rule as soon as it did.[12]   Either way, this was a unilateral mistake on the plaintiffs' part that is not subject to Rule 60(b)(1) relief. *See, e.g., Easley v. Kirmsee*, 382 F.3d 693, 697-98 (7th Cir. 2004) (not excusable neglect for plaintiff's attorney to fail to respond to summary judgment motion based on court orders extending certain discovery deadlines); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000) (not excusable neglect for plaintiffs' attorney to fail to respond to summary judgment motion based on oral agreement with defense counsel extending discovery).

Even though three of the *Pioneer* factors favor the plaintiffs, the fourth factor is determinative.  If the plaintiffs discovered new material evidence while the motion for summary judgment was under submission, it was incumbent upon them to bring this evidence to the court's attention as soon as possible.  Their failure to do so does not make this "the exceptional case requiring the extraordinary relief from judgment available under Rule 60(b)(1)." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

---

[11] The October 17th order, which was entered by Magistrate Judge Piester, clearly was not intended to address the plaintiffs' Rule 56(f) request for continuance, which had been submitted to the undersigned district judge as part of the plaintiffs' brief in opposition to the summary judgment motion.  In fact, it does not appear that Judge Piester was even made aware of the Rule 56(f) request.

[12] It should be noted that it is the practice of the undersigned district judge to resolve summary judgment motions within 60 days of their ripe date. *See* Judges' Practices and Recusals, Summary Judgment, as posted on the court's website. Cargill's motion for summary judgment was ripe for decision on September 16, 2008, when Cargill filed its reply brief.  Although the 60-day period expired about the same time that the court's October 17th order had required Cargill to respond to discovery and had authorized the corporate deposition to commence, the summary judgment motion was not decided for another 6 weeks after that.

7

### Rules 59(e) and 60(b)(2)

"Federal Rule of Civil Procedure 59(e) provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'  Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself [.]" *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) (quoting *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987) (in turn quoting *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (citations omitted)).  However, the Court of Appeals "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *Id.* (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir.2006)).  *See also Anjulo-Lopez v. United States*, 541 F.3d 814, 818 n. 3 (8th Cir 2008) ("[A] Rule 59(e) motion 'does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier.'") (quoting *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 1003 n. 4 (8th Cir. 2003)). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (quoting *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933 (internal citations and quotations omitted)).  "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id.*

"Rule 59(e) and Rule 60(b)(2) are analyzed identically." *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933 n. 3.  Thus, "a Rule 60(b)(2) motion based on newly discovered evidence must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

The additional evidence that the plaintiffs want the court to consider fails to meet these requirements.  First of all, the evidence was discovered before the court's order.  Although one of the deposition transcripts was not available until January 6, 2009, the plaintiffs took the deposition 3 weeks before the court entered summary judgment.  Second, the plaintiffs were not diligent in obtaining the evidence.  They did not request an expedited transcript.  They waited 6 weeks after being served with the summary judgment motion before noticing the deposition and serving document requests.  They were also slow to undertake discovery of any kind.  Finally, even if this could be considered as newly discovered evidence, it is either cumulative or immaterial, and it does not create a genuine issue of material fact sufficient to defeat Cargill's motion for summary judgment.

The court has carefully reviewed all of the evidence, but will not discuss it in detail here.  As summarized in the plaintiffs' brief, the evidence concerns "Cargill's environmental policies and practices before 1988, and the extent of its pre-acquisition inspection or investigation of the Engleman Road facility with respect to the environmental condition of that property[,] . . . "[t]he adoption and implementation of Cargill's 1988 environmental policy, its implementation of environmental assessments for facilities it was acquiring or divesting, and internal environmental audits of the Engleman Road facility conducted in 1989 and 1994 under that policy." (Filing 90, pp. 4, 9.)  None of this evidence, even when considered in conjunction with the testimony and exhibits previously adduced, suggests that Cargill knew or should have known of the contamination at the Engleman Road facility.

The plaintiffs also advance a new argument, based on products liability cases, that Cargill should be treated as a expert regarding chlorinated solvents and their potential misuse.  As noted above, new arguments and legal theories are not permitted under Rule 59(e).  Argumentation also fails to qualify as newly discovered evidence under Rule 60(b)(2).  In any event, the court in its previous memorandum and order adequately addressed the plaintiffs' claims regarding Cargill's expertise and alleged duty to perform a more comprehensive environmental inspection.

Finally, the plaintiffs have failed to establish that the judgment should be set aside to permit further discovery. While the plaintiffs complain that they should be allowed to continue with the Rule 30(b)(6) deposition because Cargill objected to certain topics on grounds of relevancy—which by agreement of the parties then were not inquired into on December 9 and 10—this is not the time to be filing a motion to compel discovery. Any such motion should have been filed while the motion for summary judgment and Rule 56(f) request were still under consideration by the court. The plaintiffs also want to depose a former Cargill employee who inspected the property at the time of its acquisition, but his identity was known a long time ago. In addition, there is no evidence that the employee possesses any relevant information that was not disclosed in his written inspection report.

### Request for Oral Argument

This matter has been extensively briefed by both sides, with detailed references to the record, and the court concludes that the decisional process would not be significantly aided by oral argument. The plaintiffs' request for oral argument on their motion for reconsideration of the court's order granting summary judgment in favor of Cargill therefore will be denied.[13]

IT IS ORDERED that the plaintiffs' motion for reconsideration and for relief pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1)-(2) with request for oral argument (filing 88) is denied in all respects.

March 11, 2009.                         BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

----

[13] "Generally, the court will not hear oral argument on summary judgment motions." NECivR 56.1.